R. H. DEAN ET AL. *v.* C. C. STEPHENSON.

1. ATTACHMENT. *Dismissal. Damages.*

If a plaintiff obtains judgment sustaining his attachment, and afterward, failing to establish the indebtedness of one of the defendants, dismisses as to him, the judgment is vacated as to this defendant, who is then entitled to have his damages assessed for the wrongful issuance of the writ.

2. SAME. *Condemnation. Claimant's issue.*

The order of condemnation which accompanies the judgment for the debt will not be annulled on motion of the defendant as to whom the proceeding is dismissed, but, binding only the interests of parties to the suit, it does not preclude him from interposing a claim to the property.

3. SAME. *Appeal. Judgment.*

Judgment of dismissal is favorable to the defendant thus discharged, who, failing to ask for damages or make a claim to the property condemned or its proceeds, can neither obtain a new trial nor appeal.

APPEAL from the Circuit Court of Marshall County.

HON. J. W. C. WATSON, Judge.

The appellee moved the court to dismiss the appeal upon the ground that there was no judgment against the appellants from which an appeal to this court could be taken.

*J. H. Watson,* for the motion.

No judgment, affecting the appellants' rights injuriously, exists in the court below. The order of condemnation does not bind them, because they are no parties to the attachment proceeding. Damages for the wrongful suing out of the attachment are not recoverable because the verdict is to the effect that its issuance was rightful. Reversal of this judgment as to the appellants would not release the goods which are held as McLaughlin's property. If the appellants own the goods they can make their claim. The attachment was dissolved by the final judgment in the appellants' favor. Drake on Attachment, § 413. By Code 1880, § 2435, the plaintiff can appeal in such a state of case, but no such right is given to the defendant. The appellee has no judgment except against McLaughlin, and that cannot affect any right of the appellants.

*Featherston & Harris,* and *Fant & Fant,* and *W. M. Strickland,* contra.

The attachment is baseless. None of the grounds stated in the affidavit is sustained by the facts. Even, therefore, if the defendants were proved to be indebted to the plaintiff, the attachment would fail and the judgment be erroneous. But the appellants were not bound to Stephenson on the debt for which the attachment issued. The verdict was wholly unjustified and manifestly wrong, and should be disregarded. Here then is a condemnation of the appellants' property to sale upon a verdict which is confessedly bad ; and thereupon the plaintiff dismisses the property owners from court and contends that they have no right to appeal. The appellants have certainly the right to claim their own property, and they cannot be deprived of this by any action which the plaintiff may take. On this appeal the practice in such cases should be settled. If a claimant's issue is the appropriate remedy, the case should be remanded.

COOPER, J., delivered the opinion of the court.

The appellee sued out an attachment against one McLaughlin and against the appellants. McLaughlin interposed no defense and a judgment by default was taken against him on the attachment. The appellants traversed the attachment, and on this plea a trial was had which resulted in a verdict and judgment in favor of the plaintiff. With their plea in abatement these defendants did not file any account of the damages which they claimed for the wrongful issuance of the writ. Having sustained the attachment issue, the plaintiff found himself unable to establish any debt against the appellants and dismissed his suit as to them, taking judgment for the debt sued on against McLaughlin alone. In this judgment there appears the usual condemnation of the goods attached to sale. The appellees moved the court to correct the final judgment by striking out that part condemning the goods, which motion was overruled. They moved for a new trial, and this motion was also overruled. They now appeal and assign for error the action of the court in overruling these motions.

By dismissing his suit as to the appellants, the appellee admitted that he never had just cause to sue out the attachment against them, and the judgment of dismissal *ipso facto* vacated the judgment which had been rendered on the plea of the appellants traversing the attachment. By the levy of the writ the plaintiff acquired a lien upon the goods attached, the continuance and effect of which depended upon his procuring a final judgment in the suit. The judgment on the plea in abatement was but one of the steps necessary to be taken by him to perfect his right. Failing in this or in the issue in chief, the attachment lien was destroyed, and with it all steps taken for its perfection. Drake on Attachment, §§ 228, 413, and authorities cited. The motion for a new trial was, therefore, properly overruled, since at most the appellants could only have obtained a judgment discharging the attachment, and that is the effect of the order dismissing the suit as to them.

It was not error to refuse to strike from the judgment the order of condemnation of the goods attached. The effect of this order is not to make liable the goods of the appellants which have been

seized.   It is only a condemnation of the goods of the defendant McLaughlin, which are in the hands of the officer ; and if there are none such, then none are condemned.   There is nothing in the judgment which prevented, or which now prevents, the appellants from the interposition of a claim to the property, or if it has been sold to the proceeds of sale.   Upon the dismissal of the attachment by the plaintiff the appellants were entitled to have a jury empaneled to assess the damages sustained by them by reason of the suing out the attachment.   Code 1880, § 2432.   This was the measure of their right, but this right has neither been asked by them nor refused by the court.   The judgment of the court below is in favor of the appellants, and from such a judgment they cannot appeal.

*Appeal dismissed.*