## F. BETANCOURT *v.* CHARLES MADUEL.

1. ATTACHMENT. *Judgment for defendant on debt. Damages.*

   Where judgment by default on the attachment issue is rendered for plaintiff, but the issue made by the plea denying the debt, is found for defendant, thus dissolving the attachment, the defendant is ,not entitled to a writ of inquiry to assess his damages for the wrongful suing out of the attachment.

2. SAME. *Writ of inquiry. Code* 1880, §§ 2429, 2432.

   Such writ of inquiry, being purely statutory, is allowed only where the issue on a plea in abatement to the attachment is found for defendant (Code 1880, § 2429); or where plaintiff voluntarily dismisses his attachment. Code 1880, § 2432.

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

Appellee, Maduel, sued out an attachment against Betancourt and another, on the ground of non-residence. The writ was levied on certain property of Betancourt. Subsequently, plaintiff filed his declaration seeking to charge defendants as partners, and, without pleading in abatement, denying the ground of attachment, Betancourt filed a·plea to the merits, denying the partnership and denying his liability for the debt sued on, and also pleading the statute of limitations. Judgment by default was accordingly taken, sustaining the attachment as rightfully sued out.

The issues joined on the pleas in bar were tried, and verdict rendered for defendant, and judgment was taken dissolving the attachment. Thereupon defendant, Betancourt, moved for a writ of inquiry to assess the damages sustained by him because of the wrongful suing out of the attachment. This motion was overruled, and from the judgment overruling the motion Betancourt appeals.

*E. J. Bowers* and *Nugent & McWillie*, for appellant.

The judgment on the attachment issue was not final, but conditional on the establishment of a right of action against defendant. Failing in this, the attachment-lien is destroyed, and with it all the steps taken for its perfection. Drake, Attachment, §§ 228, 383, 413; Waples, Attachment, 435, 438; *Higgins* v. *Grace,* 59 Md., 365; *Dean* v. *Stephenson,* 61 Miss., 175. Defendant was as much entitled to the writ of inquiry as if the plaintiff had dismissed the attachment. Code 1880, § 2430. The absence of a valid debt should be the most certain ground for awarding damages, as it lies always with the plaintiff to know what is due, while he may be uncertain as to the existence of grounds of attachment.

*Ford & Ford,* for appellee.

The assessment of damages in attachment is controlled entirely by the statute. §§ 2429, 2430 and 2432, code 1880, contain the entire will of the legislature in this respect. In all cases not embraced by these provisions, the aggrieved party must proceed by ordinary methods against the bond.

WOODS, J., delivered the opinion of the court.

There was no error in the action of the trial court in overruling the appellant's motion for a writ of inquiry to assess the damages supposed to have resulted to defendant below by reason of the suing out of the attachment for a debt found not to have been due. The right to assert the summary remedy sought to be availed of by appellant's motion is limited and controlled by express statutory enactment, and in only two classes of cases can it be resorted to : (1) Where, on a plea in abatement to the attachment, it is found that the attachment was wrongfully sued out—that the grounds for taking the attachment did not exist. (2) Where the plaintiff dismisses his attachment. The remedy is purely statutory, and cannot be extended to cases not embraced in the terms of the statute.

The appellant must resort to his common law remedy if he would recover damages, compensatory or punitive, for any supposed wrong done.

*Affirmed.*