J. E.. BUCKLEY ET AL. *v.* G. G. VANDIVER.

1. ATTACHMENT.   *Non-residence.   Judgment for defendant.   Damages.*

Where an attachment is sued out on the ground that the defendant is a non-resident, and he is such, although judgment for plaintiff is entered on the attachment for want of a plea in.abatement, yet, if it is adjudicated on the debt issue that plaintiff is not entitled to recover, this is conclusive evidence that the attachment was wrongfully sued out, and defendant has a right of action for damages on the attachment bond.

2. SAME.   *Damages.   Attorney's fees.   Defense of case.*

In such case, as the contest involves the debt, and opposing that successfully defeats the attachment, in a suit on the attachment bond, it is proper to allow as damages attorney's fees for the defense of the original case.

3. SAME.   *Breach of bond.   Actual damages.   Attorney's fees.*

Actual damages are recoverable on an attachment bond when a breach occurs, and counsel fees are embraced.   *Marqueze* v. *Sontheimer*, 59 Miss., · 430.

4. SAME.   *Damages.   Protracted litigation.   Case.*

In case of an attachment for an alleged debt of $267, where there has been three trials in the circuit court and two appeals, the defendant finally prevailing, in a suit on the bond, damages on account of attorney's fees amounting to $150, paid two attorneys for defending the attachment suit, are not excessive, there being evidence to show that the charge was reasonable and the services necessary.

FROM the circuit court of Clarke county.

HON. S. H. TERRAL, Judge.

J. S. VanDiver and his wife, G. G. VanDiver, resided in the state of Louisiana.   On the seventeenth day of February, 1886, M. W. Buckley, a member of the firm of J. S. Buckley & Son, made affidavit before the clerk of the circuit court of Clarke county, that said J. S. and G. G. VanDiver were indebted to his firm in the sum of $267.27, and that the defendants were non-residents of this state.·  Thereupon, a writ of ·

attachment was issued, which was levied upon certain real estate of the defendant, G. G. VanDiver, situated in said county. Mrs. VanDiver, being a non-resident, interposed no plea in abatement, and judgment was, thereupon, entered in favor of plaintiffs, sustaining the attachment; but the case was tried on the debt issue, resulting in a verdict of judgment in favor of plaintiffs therein. Thereupon, the defendant prosecuted an appeal to the supreme court, and secured a reversal. The cause, being remanded to the circuit court, there was a mistrial. A third trial was had on the debt issue, which resulted in a judgment in favor of the defendant. Buckley & Son prosecuted an appeal to the supreme court, but the judgment was affirmed.

On January 12, 1892, this suit was brought by Mrs. Van-Diver against the principals and the surety on the attachment bond for damages. The declaration alleges that Mrs. Van-Diver did not owe the debt; that it was due by J. S. VanDiver alone, and that, prior to suing out the attachment, Buckley & Son had never claimed that she was liable; that said attachment was recklessly and wantonly sued out, without probable cause, and that plaintiff was greatly damaged.

The defendants pleaded the general issue, and also a special plea, setting up that when the attachment suit was finally disposed of in favor of the defendant therein, no writ of inquiry was asked in order that damages might be assessed for the wrongful suing out of the attachment; and, by reason of this, it was claimed that plaintiff could not maintain this suit for damages. The defendants also pleaded that the question of damages for the wrongful suing out of said attachment was inquired into on the trial of the previous suit, and that the judgment therein was *res judicata*, but there was no evidence to support this plea. A demurrer was sustained to the second plea, and, thereupon, by consent, the cause was tried by the court without a jury. The above facts were shown, and judgment was rendered in favor of plaintiff for $360 damages, from which this appeal is prosecuted. In award-

ing damages, the court allowed $150 on account of attorneys' fees paid by Mrs. VanDiver in defense of the attachment suit. This amount was paid to two attorneys employed by her, and there was testimony tending to show that the fees were reasonable, considering the protracted litigation and the services rendered. There was, however, some conflict of testimony as to whether the amount named was reasonable compensation. There was also evidence that the plaintiffs in attachment acted upon the advice of reputable counsel in suing out the writ. There was no evidence of malice in suing out the attachment. Plaintiff, at the trial, only insisted on a recovery of actual damages, and only such damages were awarded.

*Miller & Baskin*, for appellants.

1. The declaration avers that the appellants maliciously sued out the writ of attachment. The verdict cannot be sustained, because there is an entire absence of evidence to show malice. Again, we submit that appellants are not liable, because the damages claimed were not proved in the attachment suit. In truth, judgment was entered in favor of appellants, sustaining the attachment. This is conclusive evidence in an action on the bond. 22 Kans., 374; 24 Wend. (N. Y.), 31.

2. Our attachment law is purely statutory, and is therefore to be strictly construed. *Yale* v. *McDaniel*, 69 Miss., 337. The defendant is only entitled to damages where the grounds alleged in the affidavit are untrue. If, as claimed, the attachment was wantonly sued out, the remedy was by an action on the case, and not on the bond. This cannot be treated as an action on the case, because the bond is declared on ; and, besides, the action cannot be maintained for maliciously suing out the attachment, because the proof shows that it was not sued out maliciously, but in good faith, upon the advice of reputable counsel. On this point, see *Stewart* v. *Sonneborn*, 98 U. S., 187.

3. The judgment awarding $150 damages on account of attorneys' fees is excessive. In an ordinary case fees cannot be allowed for two attorneys. There is no evidence of any necessity to employ more than one firm. *Roach* v. *Brannon*, 57 Miss., 490. Counsel fees, if allowed, are only for defending the attachment issue. Such fees are not recoverable for defending the whole case.

*J. L. Buckley*, on the same side.

If appellee is entitled to damages for defending the debt issue, then any successful defendant may maintain such a suit. In Drake on Attachment, 176, it is said that where the suit is instituted by attachment, if the action be sustained and the attachment is defeated, the rule in Indiana is that attorney's fees for defending the attachment only can be allowed as damages. Under that rule, the appellee is not entitled to recover attorneys' fees, because the whole of her expenditure was in defending the debt issue. The appellee was unsuccessful in the attachment issue, and there was no expense incurred in defending it. Appellants did not dismiss their case as to the debt. For these reasons, this action cannot be maintained, and the judgment should be reversed.

*D. W. Heidelberg*, on the same side.

1. The attachment was sustained, and hence there was no breach of the bond.

2. But, if appellee was entitled to damages, she is barred because she failed to have a writ of inquiry to assess damages in the attachment case. *Res judicata* can be successfully pleaded where the matters in action were, in fact, adjudicated, and where they were involved and might have been passed upon. *Scully* v. *Lowenstein*, 56 Miss., 652.

3. Attorneys' fees are recoverable only where exemplary damages are proper. On the trial of this case, plaintiff only claimed actual damages.

Section 1462, code 1871, and § 166, code 1892, expressly

provide for attorney's fees as damages in an attachment suit.
But there was no such provision in the code of 1880, nor is
there any reported case where attorney's fees were allowed in
an attachment suit while that code was in force, except where
the facts justified exemplary damages.   Why was the pro-
vision in the code of 1871 re-enacted in the code of 1892, if
such damages were allowable under the code of 1880?   In
*Taylor* v. *Morton,* 61 Miss., 24, it was decided that attorney's
fees and loss of time were not recoverable as damages in a
replevin suit in the absence of wilful wrong or oppression.
Section 2623 of the code of 1880, providing for damages in
replevin suits, is broader than § 2430 of that code, allowing
them in attachment cases.   In *Brinker* v. *Leinkauff,* 64 Miss.,
236, it was held that in an action on an indemnity bond it is
improper to allow attorney's fees or loss of time in attending
trial where the declaration failed to charge wilful wrong or
oppression.   The court there stated that the rule not to al-
low attorney's fees would be adhered to in all cases except in
suits on injunction bonds, where they are expressly provided
for by the statute.

*J. R. McIntosh,* for appellee.

1. If it be said that attorney's fees in a case like this were
not expressly provided for in code of 1880, the answer is that
neither did the code of 1857 make any such special provis-
ion.   Yet, attorney's fees were never denied as an element of
damages for the wrongful suing out of an attachment under
that code.   We submit that the allowance of attorney's fees
as actual damages was proper in this case.   Drake on At-
tachment, § 175, and authorities cited; Wade on Attachment,
§ 295 *et seq.;* 36 Cal., 462; 52 Ala., 254.

2. The evidence abundantly sustains the verdict as to the
amount of damages.   See Wade on Attachment, §§ 301–
317; 59 Mo., 178; 43 Ind., 486; 37 Iowa, 428.

3. The defendant, being a non-resident, could not plead in
abatement; but, when the debt was defeated, this established

that the attachment was wrongfully sued out.    Wade on Attachment, § 295; 38 Ala., 631.

4. It is immaterial that the attachment was sued out under the advice of counsel.  The party is nevertheless liable for actual damages.   On this point, see Wade on Attachment, §§ 310, 313, 314.   Only actual damages were claimed and recovered in this suit.   Unless appellee is entitled to such damages, including re-imbursement for attorney's fees, it would have been better for her, at the outset, to have permitted her property sold to satisfy the debt she did not owe.

CAMPBELL, C. J., delivered the opinion of the court.

The final adjudication in favor of the appellee is conclusive evidence that, as to her, the attachment was wrongfully sued out, and that gave her a right of action on the bond for its breach thus evidenced.

In such action, attorneys' fees for getting clear of the attachment are recoverable, and, as in this case, by reason of the non-residence of the defendant and liability to attachment for any debt, the contest involved the existence of the debt for which the attachment was sued out, and defeating recovery was defeating the attachment, it is impossible to separate the process from the action, and it was proper to allow attorneys' fees for the defense of the case.

Actual damages are recoverable on an attachment bond, when a breach occurs, and counsel fees are embraced.  *Marqueze* v. *Sontheimer*, 59 Miss., 430; Kneeland on Attachment, § 456;  Drake on Attachment, §§ 175, 176;  Wade on Attachment, § 301; 1 Sedgwick on Damages, § 237; 2 Sutherland on Damages, 61.

The sum allowed in this case for attorneys' fees is supported by evidence.

*Affirmed.*