CASSIUS M. CARRIER & SON *v.* THOMAS POULAS ET AL.

1. ATTACHMENT. *Damages. Recovery on bond. Code* 1892, § 166.

In an attachment suit the defendant is entitled to have his damages assessed for the wrongful suing out of a writ under Code 1892, § 166, authorizing the recovery of damages in such suits, if the question of indebtedness be decided in his favor, although the grounds upon which the attachment were sued out were not contested by him, and is not compelled to bring a new and independent suit on the bond.

2. SAME. *Appeal. Objections not made below.*

Where in such case a defendant was awarded his damages, the plaintiff cannot complain on appeal for the first time that the attachment bond was not offered in evidence.

3. SAME. *Objections to form of judgment. Code* 1892, § 940.

Technical defects in the form of a judgment, susceptible of amendment under Code 1892, § 940, authorizing amendments of judgments in certain cases, cannot be complained of, for the first time, after decision in the supreme court, on suggestion of error.

4. CORPORATION. *Judgment against. Name.*

A judgment against a corporation by its corporate name is good, although it does not recite that the name is that of a corporation, especially where the record shows the fact.

FROM the circuit court of, first district, Panola county.

HON. JAMES B. BOOTHE, Judge.

Cassius M. Carrier & Son, a corporation, the appellant, was the plaintiff in the court below; Poulas and others, the appellees,

were defendants there.    The suit was begun by attachment, upon a claim for damages arising out of an alleged breach of contract on the part of the appellees, and was based on the fact that defendants were nonresidents.    The attachment writ was levied upon certain property, which the defendants replevied.    The defendants did not contest the ground upon which the attachment was sued out, but defended on the ground that they were not indebted to the plaintiff, and upon a trial of that issue the judgment was rendered in favor of defendants.    The court thereupon, at defendants' request, directed a writ of inquiry to assess defendants' damage, sustained by the wrongful suing out of the attachment.    The damages were assessed and judgment rendered against plaintiff in defendants' favor for the amount found. The plaintiff appealed to the supreme court.

*Shands & Shands,* for appellant.

At the common law all penalties on bonds were collected by putting the bond in suit, and that is the law in the state of Mississippi today, except where it has been changed by statute.    12 Ency. Pl. & Pr., sec. 12, p. 651; *Smith* v. *Herring,* 10 Smed. & M., 518; *Buckley* v. *Van Diver,* 70 Miss., 622 (s.c., 12 South. Rep., 905).

At the common law, and under the early statutes of Mississippi, a writ of inquiry was never issued for the wrongful suing out of a writ of attachment, and, further, a plea in abatement could not be filed.    *Garrett* v. *Tenney,* 7 How. (Miss.), 465; *Rawley* v. *Cummings,* 1 Smed. & M., 340; *Smith* v. *Herring, supra.*

By Laws 1850, provision was first made for an issue to be made up on the motion of the defendant to try, whether the attachment was wrongfully sued out or not, and if found for the defendant, then the same jury should return a verdict assessing the damages.    This statute was an innovation and a change of the law, passed for the purpose of saving the trouble of putting the bond into suit.    Later on—Code 1880, § 2432; Code 1892,

§ 166—the statute provides that where plaintiff dismisses his attachment, the defendant shall have a jury impaneled forthwith to assess the damages sustained by reason of suing out the attachment, this being taken as a confession of the wrongful suing out of the attachment; but nowhere in the statute is it · provided that, on the termination of the debt issue in a suit in attachment, where there is no traverse of the grounds of attachment, favorable to defendant, a writ of inquiry can be ordered, as in cases of judgment by default, or, as provided in Code 1892, § 720, where, through an inadvertence or other error, a verdict shall omit the price or value, under pleadings so framed that a verdict giving price or value could be rendered, a court may, in that instance, direct a writ of inquiry.

There was no authority in law for this writ of inquiry to assess damages to have been ordered by the court.

*L. F. Rainwater,* for appellees.

Our statutes on the subject of attachments do not specifically provide for a writ of inquiry to issue after judgment for the defendant upon the debt issue, but only upon a traverse of the grounds for attachment or a voluntary dismissal of the attachment. Neither does the statute authorize the defendant to traverse the affidavit on the ground that there is no indebtedness, although a valid subsisting debt is the foundation of the right to have an attachment issue and without which the attachment could not be maintained. There is a hiatus in the statutory provisions which should be supplied by judicial construction in order to prevent a multiplicity of suits and in furtherance of justice expeditiously administered.

The levy of the attachment writ fastens a lien upon the property of defendant which continues until successfully traversed or an issue as to the indebtedness is determined in favor of defendant. In either event, the attachment lien is destroyed, and with it all the steps taken for its protection. The verdict of the jury for the defendant upon the debt issue as effectually

destroys the lien and defeats the attachment as a traverse of the affidavit would, and, *ipso facto,* dissolves the attachment and vacates the judgment on the attachment issue as completely as if it had never been rendered; in other words, it is an adjudication that the attachment was wrongfully sued out.    Drake on Attachments; *Dean* v. *Stephenson,* 61 Miss., 177.

There is no difference in effect between a voluntary dismissal of the attachment by plaintiff when he finds that he cannot sustain his action on the debt issue, as in *Dean* v. *Stephenson,. supra,* and a judicial ascertainment of the same fact. A right in defendant to recover his damages immediately arises in either case. The law does not favor a multiplicity of suits, nor a method of circumlocution to obtain redress for an established wrong.

A writ of inquiry to assess damages is a remedial writ, and may be issued at any time by the supreme, circuit, and chancery courts in all cases where the same may be properly granted, according to right and justice.    Code 1892, § 916.

CALHOON, J., delivered the opinion of the court.

On an issue whether the attachment was properly sued out, Code 1892, § 166, provides that, when the verdict is for the defendant, he may recover damages. In the case before us, the affidavit being on the ground of nonresidence, which could not be denied in this instance, the court allowed a writ of inquiry and awarded damages on the attachment bond, the jury having found on the main issue that there was no debt. Under these circumstances, the right to sue on the bond for damages is clear —*Buckley* v. *Van Diver,* 70 Miss., 622 (12 South. Rep., 905)— and we see no reason to force defendant to a new and independent action.

*Affirmed.*

After the delivery of the foregoing opinion, counsel for appellant filed a vigorous suggestion of error, to which the court responded as follows:

CALHOON, J., delivered the response of the court to the suggestion of error.

The objection that the attachment bond was not put in evidence on the trial of the claim for damages was made here for the first time. It was not made a ground in the motion for a new trial in the court below; the attention of the circuit judge was never called to it. If it had been, a correction was easy by permitting its introduction there. We decline to reverse on this state of facts.

It seems that the judgment on the issue of debt or no debt was decided for defendants, appellees here, and, notwithstanding the declaration was brought by Cassius M. Carrier & Son, a corporation, the judgment is, on that issue, "that defendants do have and recover of R. M. Carrier and W. B. Burk, composing the firm of Cassius M. Carrier & Son," the costs. The judgment on the claim for damages is "that defendants do have and recover of the plaintiffs, Cassius M. Carrier & Son, and the sureties upon their attachment bond;" the sum recovered and all costs. This latter judgment we think good, on its face. The former is technically incorrect, and is susceptible of amendment at any time, under Code 1892, § 940.

Now, no objection or hint of objection on this score was made in the court below. If the court's attention had been called to it, it could have been corrected in five minutes. There is no mention made of it in the motion for a new trial below; there is no hint of it in the assignment of errors in this court, nor is there any in the original briefs of counsel on the appeal. It appears for the first time in the suggestion of error, and we decline to reverse because of it now.

An execution for costs on the first judgment, unless amended, could not properly issue against Cassius M. Carrier & Son as a corporation, because not so rendered, and so the corporation cannot complain. It could not issue against Cassius M. Carrier & Son as individuals, because they are not parties, as such, and are not, as such individuals, appealing.

The second judgment—that on the damage issue—being against "Cassius M. Carrier & Son," is good, although not specifying that that is a corporation, because it is, in fact, a corporation, as appears from the declaration.

*Suggestion of error overruled.*