## R. J. McLin & Company *v.* J. T. Worden.

### [55 South. 358.]

1. FOREIGN JUDGMENT. *Certification. Evidence. Attachment. Code* 1906, *section* 171. *Construction of statute.*

    A judgment recovered in another state cannot be proved or admitted in the courts of this state as evidence of the fact, until there has been a compliance with section 905 of the Revised Statutes of the United States.

2. SECTION 171, CODE 1906. *Attachment.*

    Under section 171, Code 1906, a defendant is entitled to have his damages assessed for the wrongful suing out of a writ of attachment, if the question of indebtedness be decided in his favor, although the grounds upon which the attachment was sued out were not contested by him and is not compelled to bring a new and independent suit on the bond.

3. SUPREME COURT. *Construction of statutes.*

    Where a statute has been reenacted after being construed by the supreme court, such construction will be adhered to by that court.

APPEAL from the circuit court of Panola county.

HON. W. A. ROANE, Judge.

Suit by R. J. McLin & Company against J. T. Worden. From a judgment for defendant, plaintiff appeals.

The facts are as follows:

This suit was based upon a foreign judgment obtained by appellants against appellee in Wolfe county, Ky. The suit was begun by attachment in the justice court upon a certified copy of said judgment. Alias writs of attachment and garnishment were issued and process served upon the defendant. On the return day defendant filed a plea in abatement. The Bank of Sardis, summoned as garnishee, answered, admitting its indebtedness to the defendant. On the trial the attachment was sustained, and the defendant (appellee here) failing to

make any defense to the debt, judgment was rendered against him for the amount of the debt. On the trial in the circuit court the defendant gave notice of the withdrawal of his plea in abatement, and the court awarded a judgment in favor of the appellants, sustaining the attachment and the trial proceeded upon the debt issue. The plaintiffs then offered in evidence the certified copy of the judgment obtained in Wolfe county, Ky. Defendant objected, and the objection was sustained, and judgment entered against the plaintiffs (appellants here). The defendant then made a motion for a writ of inquiry to assess damages, which motion was sustained and the writ awarded. Appellants assign as error the action of the lower court (1) in refusing to admit the certified copy of the judgment in evidence and (2) in awarding the writ of inquiry.

*W. E. Boothe,* for appellant.

The main grounds relied upon by appellant for a reversal of this cause, is the error of the court below in:

1st. Refusing to admit as evidence upon the part of appellant, the certified copy of the judgment of the Wolfe circuit court, and

2d. Awarding a writ of inquiry to assess damages, although appellant's attachment had been sustained.

3d. The court erred in refusing to admit as evidence for appellant, the certified copy of the judgment of the Wolfe circuit court of Wolfe county, state of Kentucky.

Prior to the adoption of the Code of 1880, section 1622, we find no legislative provision by the laws of sister states to be recorded, and such instruments, prior to the adoption of section 1622, Code 1880, were to be proven by the acts of congress. Revised Statutes of the United States, section 905.

As said by the court in the opinion rendered in the case of *Hope* v. *Hunt,* 59 Miss. 174, and relied upon by counsel for appellee in the case at bar, "the mode of

authentication presented by congress is not exclusive of
any other which he states may see proper to adopt,
and such statement seems to be borne out by the deci-
sion of these states which have prescribed other methods
of authentication." The court, in rendering the opin-
ion in the case of *Hope* v. *Hunt,* 59 Miss. 174, seems to
have assumed that section 1622, Code 1880, referred to
"private writings," and upon this assumption based
their conclusion. In no other view of the case am I
able to conceive how they could have arrived at the
conclusion they did. Just here I desire to call attention
to the language of this section, which is in the following
words: "Copies of the record of any writing, required
or permitted by the laws of this state or any other state
or territory of the United States, or by the District of
Columbia, shall, when certified by the clerk in whose of-
fice the record is kept under his seal of office, be received
as evidence in all the courts in this state." And section
1629, Code 1880, makes the certificate *prima facie* of the
official character of such person, in all courts and pro-
ceedings in the state.

Sections 1622 and 1629, Code 1880, are identical with
sections 1955 and 1973, Code 1906. Nowhere in the said
sections are the words "private writings" used, but I do
find the language "any writing." "Any writing" in-
cludes both private and judicial papers, decrees or or-
ders, and it was evidently the intention of our lawmakers
in adopting into Code 1880, sections 1622 and 1629 to pro-
vide for a method of authentication of the writings of
sister states, so that the same may be used as evidence
in our courts without going to the trouble and expense
of obtaining the certificate of the judge of the court,
as provided by the act of congress. The judgment
sought to be introduced in evidence in the case at bar
was a judgment rendered by the Wolfe circuit court of
Wolfe county, state of Kentucky. The question which
next presents itself is, does the state of Kentucky "re-

quire or permit" judgments or writings of this character to be recorded, and if so, is not such a judgment within the meaning and intention of our statute?

If this court should hold that section 1955, Code 1906, refers to any and all writings, "required or permitted" to be recorded by the laws of our sister states, and not to "private" writings alone, then the evidence offered was improperly excluded.

For the reasons above set forth, it is the contention of appellant that refusing to admit evidence the certified copy of the judgment of the Wolfe circuit court, as offered by appellant, is such error as to entitle appellant to a reversal of this cause in this court.

But if I am mistaken in this, and this court should hold that this evidence was properly excluded, appellant is still entitled to a reversal of the judgment of the court below, because,

2d.   The court in awarding a writ of inquiry to assess damages, after appellant had sustained the attachment.

This court has held in more than one instance, that the awarding of a writ of inquiry to assess damages, under our attachment statutes is purely a statutory provision, and is only allowed, where the issue on a plea in abatement to the attachment is found for defendant (Code 1880, sec. 2429) ; or where plaintiff voluntarily dismisses its attachment.   Code 1880, sec. 2432; *Betancourt* v. *Maduel,* 69 Miss. 839, 11 So. 111; *Bonds* v. *L. Garvey & Co.,* 39 So. 492.

In the case of *Betancourt* v. *Maduel,* 69 Miss. 839, the court held that, "when a judgment by default on the attachment issue is rendered for plaintiff, but the issue made by plea denying the debt, is found for defendant, thus dissolving the attachment, the defendant is not entitled to a writ of inquiry to assess his damages for the wrongful suing out of the attachment."

· The above cited case is exactly on all-fours with the case at bar.   Appellee withdrew his plea in abatement,

and thereupon a judgment by default was rendered against appellee, sustaining the attachment, but the issue made by the plea denying the debt was found for appellee, upon the refusal of the court to admit the evidence of the debt, the certified copy of the judgment of the Wolfe circuit court.

Sections 2429 and 2432, Code 1880, under which sections the case of *Betancourt* v. *Maduel,* 69 Miss. 839, 11 So. 111, was decided, are brought forward and are identical with sections 170 and 173, Code 1906, and these two sections are the only statutes we have providing for writs of inquiry to assess damages for defendants in attachment cases. Where no plea is interposed to the attachment, the court must enter a judgment by default, sustaining the attachment, as was done in the case at bar. Code 1906, section 168. Plaintiff must either dismiss his attachment, or the issue raised by a plea in abatement must be found for the defendant to entitle him to this remedy, otherwise the writ is improperly awarded. This is the statutory law, and this is the rule announced by the decisions of this court. This same rule is laid down in the later case of *Bonds* v. *L. Garvey & Co.,* 9 So. 492. Chief Justice Whitfield in delivering the opinion of the court in this case says, ''The whole matter of damages in attachment proceedings is purely statutory, and in the absence of a statute providing therefor we do not think the court was correct in allowing damages.'' The remedy is ''purely statutory'' and the case must come within the two statutory provisions, sections 170 or 173, Code 1906, to entitle a defendant to damages, otherwise damages will be improperly awarded. There is no statute providing for the award of damages to a defendant in the court below, where the plaintiff in that court sustains his attachment. On the contrary the statute provides that unless the issue raised by a plea in abatement to the attachment is found for defendant,

he is not entitled to have a writ of inquiry to assess his damages. Section 170, Code 1906.

Nor is the law, as laid down in the *Betancourt* v. *Maduel case,* above cited, overruled by the decision of the court in the case of *Cassius M. Carrier & Son* v. *Thomas Poulas et al.,* 87 Miss. 595. The Carrier-Poulas case is not a case in point with the case at bar, as will appear by a careful study of that case. In fact the opinion of the court as announced by Justice Calhoun shows that he recognizes the rule of law laid down in the former decisions of the court on this point, for in the very first sentence we find his language, ''On an issue whether the attachment was properly sued out, Code 166, provides that, when the verdict is for the defendant, he may recover damages. In the case before us, the affidavit being on the ground of non-residence, which could not be denied in this instance, the court allowed a writ of inquiry and awarded damages on the attachment bond, the jury having found on the main issue that there was no debt.'' No defense whatever, was made to the attachment in this case, but a special plea was filed by the defendant denying the debt upon which the attachment was sued out and upon this issue the defendants recovered a judgment. As stated in the opinion of the court, the grounds of attachment was that the defendants were non-residents, and this could not be denied in this instance. The plaintiffs in attachment, Carrier & Son, took no judgment sustaining the attachment, but simply joined issue on the speial plea filed by these defendants, Poulas and others. And as stated in the opinion delivered by Justice Calhoun, the main issue tried was the issue of debt raised by defendants' special plea.

The main issue raised in the case at bar was, whether or not the attachment was properly sued out. *Cocke* v. *Kuykendall,* 41 Miss. 65.

For some reason unknown to appellant, appellee saw fit upon the trial of the case at bar in the circuit court,

to withdraw his plea in abatement, and appellant there-
upon took a judgment against him sustaining the attach-
ment.   Sec. 168, Code 1906.   This judgment for appel-
lant dissolves the attachment, so there can be no further
liability under the attachment bond, as the attachment
issue has been fully disposed of by this judgment. *Betan-
court* v. *Maduel,* 69 Miss. 839, 11 So. 111.   The debt issue,
the next issue to be tried in the circuit in the case at
bar, was disposed of after the attachment had been dis-
solved.

Again section 166, Code 1892, referred to in the case
of *Carrier* v. *Poulas,* 87 Miss. 595, and brought forward
in section 171, Code 1906, refers to the trial of the issue
raised by a plea in abatement, as will be noted by read-
ing the preceding section 165, Code 1892 and section 170,
Code 1906.   It will be seen by a comparison of the two
cases, the case at bar and the Carrier-Poulas case that
the two issues tried and questions raised in the court
below, are entirely different.   In the one case, the main
issue which was presented was, whether or not the at-
tachment was rightfully sued out, in the other case the
main issue tried was one raised by the defendant's spe-
cial plea denying the debt.   This question of issue is
recognized by Justice Calhoun in his opinion, and  he
states and uses the term, ''main'' issue.   Another dif-
ference to be noticed in the two cases above referred to,
is the fact that in the Carrier-Poulas case, plaintiff in
the case beelow did not take a judgment by default sus-
taining his attachment, which they had the right to do, as
no plea traversing the grounds of the attachment was
interposed.

This case at bar clearly comes within the statutory
provisions, relating to attachment cases, and is exactly
on all-fours with the case of *Betancourt* v. *Maduel,* 69
Miss. 839, 11 So. 111, which is the law today, as no deci-
sion has been rendered by this court overruling the doc-
trine as laid down in that case.

In view of the errors of the court below above assigned, we respectfully submit that this cause should be reversed, and remanded.

*Shands & Montgomery,* for appellee.

This suit was based upon a foreign judgment. Upon the trial the only evidence of such judgment offered was a certified copy. It is of course hornbook law, that there must have been an authenticated copy, in accordance with the acts of congress. We do not care further to be heard on this proposition. Of course the court had to exclude the evidence which of necessity resulted in a peremptory instruction for the defendant on the debt issue.

As to the second point in appellant's brief, we must say that we formerly held to the same opinion, that is now presented in the brief of appellant. We did not think that it was proper for the court to order the issuance of the writ of inquiry to assess damages upon the failure of plaintiff in an attachment suit on the debt issue, and strongly urged this view upon the court in our brief in the case of *C. M. Carrier & Co.* v. *Thos. Poulas et al.,* reported in 87 Miss. 595. The court according to the best of our recollection did not take kindly to that idea at that time, and there has since the decision of that case been no other act of the legislature nor decision in conflict therewith. The court in deciding the Carrier case said that writ of inquiry should issue, and that it was a waste of time to put the bond in suit. We submit, that as this rule was established on us, we should not be made the subjects of the change of the court in this point.

We had that case very clearly in mind when we asked for the writ of inquiry in the case at bar.

We respectfully submit that even if the court should see fit to overrule the *Carrier case, supra,* that they should affirm the decision of the lower court on the mer-

its, and reverse the case only. so far as the awarding of damages is concerned.

Wee see no reason for the court to change this rule of practice established in the Carrier case, and respectfully submit that the case should be affirmed.

Mayes, C. J., delivered the opinion of the court.

If it be true that a judgment was recovered in the circuit court of Wolfe county, Kentucky, against appellee, it could not be proved or admitted in the courts of this state as evidence of the fact, until there had been a compliance with section 905 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 677). This section of the United States Revised Statutes is found in the appendix to the Code of 1906, at page 1385. The judgment claimed to have been recovered in Kentucky, and offered in evidence to prove the debt, did not comply with the United States statute above cited. The judgment had the attestation of the clerk, but did not have the certificate of the judge, as is required by the United States statutes.

All other questions involved are settled by the case of *Carrier* v. *Poulas,* 87 Miss. 595, 40 South. 164. In the case just named it was held that under section 171, Code of 1906, a defendant was entitled to have his damage assessed for the wrongful suing out of a writ of attachment, if the question of indebtedness be decided in his favor, although the grounds upon which the attachment was sued out were not contested by him; in short, a defendant is not compelled to bring a new and independent suit on the bond. The above case does not refer to the case of *Betancourt* v. *Maduel,* 69 Miss. 839, 11 South. 111, though it seems to be in conflict with it.

The *Carrier case, supra,* is the later holding of this court, and since the same section of the Code has been re-enacted with the later construction of the court placed

upon the statute, and without any change being made by the legislature, we feel that it is our duty to adhere to the case of *Carrier* v. *Poulas.* *Affirmed.*