## Cox *et al. v.* SALMON.

(Division B.   Nov. 5, 1934.)

[157 So. 465.   No. 31257.]

**Smith & Smith,** of Holly Springs, for appellants.

390

Dean Belk, of Holly Springs, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

F. E. Rutledge sued out an attachment against B. G. Salmon in a justice of the peace court in Marshall county, and certain property was seized under said writ. The sureties on the attachment bond were nonresidents of this state, as was the complainant.

On January 28, 1929, the justice of the peace rendered judgment in favor of B. G. Salmon on the ground that he was a minor when the debt was contracted, and that there was no written agreement, after reaching maturity, to pay said indebtedness, and also that same was barred by the statute of limitations, and taxed the costs against the plaintiff. The judgment further recited: "And it further appearing to the satisfaction of the court that the attachment bond given in said cause contains only nonresidents sureties thereon upon motion made by the

defendant counsel doth hereby order and direct said plaintiff to file a supplemental bond in said cause with resident property owners thereon as sureties to be approved by the court for all of which let execution issue.''

On February 6, 1929, an appeal bond was filed, attempting to appeal from this judgment, said bond being signed by F. E. Rutledge, as principal, R. L. Cox and J. R. Cox & Son, and approved on February 7, 1929.

On February 11, 1929, another judgment was rendered in said cause reciting: ''Be it remembered that this cause this day came on to be heard before the court on this day same having been especially set by counsel for plaintiff and defendant with the permission of the court for the hearing of the motion of defendant to quash the attachment dismiss the same and award him damages sustained by the wrongful suing out of same and the defendant appearing and the court being advised by counsel for plaintiff that they would not appear and the court after hearing proof as to the damage sustained by the defendant and being satisfied that said attachment was wrongfully sued out it is the judgment of the court that said writ of attachment is hereby quashed and dismissed and the defendant is hereby awarded as a further judgment of the court the sum of one hundred and ninety dollars ($190) to have and recover of the plaintiff and sureties on said attachment bond filed in said cause and further that all costs are adjudged against the plaintiff for all of which let execution issue.''

From this judgment an appeal was prosecuted on February 21, 1929.

When the case came on for trial in the circuit court, traverse of the grounds of the attachment was filed by B. G. Salmon, and judgment was rendered in his favor for two hundred forty dollars and fifty cents in the circuit court, against F. E. Rutledge and his bondsmen, J. L. Cox & Sons, and Hinton and Hutton Company, M. H. Hinton, and R. L. Cox. Thereafter a petition to correct

this judgment was filed on the ground that the clerk misread the initials, and that they should have been "J. R. Cox & Son, Hinton & Hutton," M. H. Hutton, which should have been "W. W. Hutton and R. L. Cox." After hearing, the circuit court corrected the judgment so as to bind F. E. Rutledge, W. W. Hutton, and C. C. Cox jointly, but held that the corporation and partnership were not bound as such, and the partner who did not sign the bond was not bound.

It was contended in the motion to correct the judgment that there was no valid judgment rendered against the sureties on the second appeal bond above mentioned, on the ground that the former appeal from the judgment first rendered by the justice of the peace was appealed from and the justice of the peace court lost jurisdiction of the entire cause, and that judgment should have been rendered in the circuit court against the sureties on the attachment bond, and also that there was no traverse of the grounds of the attachment in the justice of the peace court.

It will be seen from reading the judgment of the justice of the peace set out above that he retained jurisdiction in order to have additional sureties on the attachment bond given, and that in the first judgment he did not proceed to award damages for the wrongful suing out of the attachment.

In our opinion, the first judgment was not a final judgment from which appeal lay, because the judgment did not dispose of all matters involved in the attachment suit, but retained jurisdiction for further proceedings until the attachment bond was signed by the resident sureties. When the next term arrived, the justice of the peace proceeded to hear the question of damages, and the second judgment rendered shows that the parties agreed for the court to hear the matter at that time, but the plaintiff failed to appear, and no attachment bond was given.

If the plaintiff conceived that the first appeal removed jurisdiction from the justice of the peace court, he could have applied for a writ prohibiting the justice court from proceeding and assuming further jurisdiction, and, same not having been done, and having permitted the cause to be tried, and an appeal having been prosecuted from that judgment, we are of the opinion that the sureties on the appeal bond became liable for whatever proper judgment should be rendered in the circuit court.

Inasmuch as the trial in the circuit court was de novo, and judgment was rendered therein on the traverse filed by leave of the court, we think the judgment rendered was valid, and that the circuit court had jurisdiction to render it against the sureties on the second appeal bond.

On the motion to correct a judgment, it appeared that C. C. Cox had signed the firm name by himself, and that one of the officers of the corporation had signed the corporate name by himself, and that they became liable on its appeal bond personally, and that the judge was correct in correcting the judgment as he did.

The effect of the judgment, finding that the defendant was not indebted to the plaintiff, was that the plaintiff and the sureties became bound for the payment of damages for the wrongful suing out of the attachment. Buckley v. Van Diver, 70 Miss. 622, 12 So. 905; Dean v. Stephenson, 61 Miss. 175, and Feld v. Portwood (Miss.), 7 So. 492.

On appeal to the circuit court, the sureties on the appeal bond became liable for the judgment rendered therein, and the judgment was properly rendered against the sureties on the appeal bond rather than the sureties on the attachment bond.

We find no error in the proceedings, and the suggestion of error is overruled.

Suggestion of error overruled.